JANUARY TERM, 1881, No. 191.          MARCH 1ST, 1882.

# Philadelphia and Reading Railroad Company *versus* The Commonwealth.

1. A ward who accepts, after he becomes of age, land adjudged to the guardian in proceedings in partition, takes it subject to the lien of a recognizance given by the guardian for owelty, and his alienee is bound though the guardian at the time of the partition was also guardian for the other heirs interested in the land.

2. In a proceeding to charge the *terre tenant,* who purchased from the ward after he became of age, with the recognizance given by the guardian, it is not necessary to make the guardian a party.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Berks County.*

*Scire facias sur* recognizance by the Commonwealth of Pennsylvania for the use of Mahlon Mengel against Harrison Mengel, with notice to the Philadelphia and Reading Railroad Company, *terre tenant.*

Upon the trial in the Court below, before SASSAMAN, J., the facts appeared as follows:

Benjamin Schaeffer was the guardian of Harrison, Achatias, and Amalias Mengel, three children of Daniel Mengel, deceased.   In 1867 the widow and guardian joined in proceedings in the Orphans' Court for the partition of the real

[Philadelphia and Reading Railroad Company *v.* The Commonwealth.]

estate of the decedent. On the 26th of March, 1867, one of the purparts was adjudged to Benjamin Schaeffer, guardian of Harrison Mengel. On the same day the guardian entered into a recognizance to the Commonwealth conditioned for the payment " to the said Elizabeth Mengel, the widow, as aforesaid, her yearly interest, and to the other heirs and legal representatives of the said deceased, respectively, their equal and proportionable shares, respectively, of and in the said valuation-money." The bond was signed " Benjamin Schaeffer, guardian of Harrison Mengel." April 3d, 1873, Harrison Mengel, then become of age, and his wife conveyed the property to the Philadelphia and Reading Railroad Company, who entered into possession June 18th, 1880. Judgment was entered against Harrison Mengel by default. The defendant objected to the offer of the recognizance in evidence on the following grounds:

" 1. Benjamin Schaeffer, guardian of Harrison, was also guardian of all the heirs. When he accepted the property, he became personally responsible to his other wards for their shares; the recognizance therefore to secure their shares was unnecessary, and the remedy of his wards was to charge him with the amounts in his guardian account.

" 2. The recognizance having been given by Benjamin Schaeffer, guardian, the *scire facias* must issue against him, and be proceeded on to judgment, before the defendant, the Philadelphia and Reading Railroad Company, can be held as *terre tenant.*"

The Court admitted the offer under exception, and charged the jury:

" In this case the defendants ask us to say to you that, under all the evidence offered by the plaintiff in the trial of the cause now before us, he cannot recover. This we answer by saying to you that the plaintiff may recover his proportionate share of the recognizance, so far as it secures the share of the said Amalias, alias Mahlon Mengel. This disposes of the legal part of the case, and you may make up your verdict accordingly."

January 17th, 1881. Verdict for the plaintiff for $514.21, upon which judgment was afterward entered.

The *terre tenant* then took out a writ of error, assigning as errors the admission of the evidence and the charge.

*George F. Baer,* for plaintiff in error.

Benjamin Schaeffer was the cognizor, and it was necessary to make him a party for the sake of the *terre tenant,* because possibly he might have satisfied the plaintiff's demand:

Kean *v.* Franklin, 5 S. & R., 155 ; Reigart *v.* Ellmaker, 6 S. & R., 45.

When the guardian accepted the lands, he made himself personally responsible to the other heirs for the owelty: Gelbach's Appeal, 8 S. & R., 210 ; Woodward's Appeal, 2 Wr., 322.

Now, as Benjamin Schaeffer was the guardian of all the heirs, by his acceptance of the purpart he became personally liable to pay the moiety of his other wards to himself as guardian. Their only remedy against him to recover their shares was to charge him in his guardian account. They could not sue out the recognizance against him, because, as their trustee, he could at any moment satisfy his own recognizance.

, As the record stood, the purchaser had a right to assume, when he found that Benjamin Schaeffer, the cognizor, was the guardian of all the children, that the only possible effect of the recognizance was to secure the widow's interest.

*A. B. Wanner* and *Samuel L. Young*, for the defendant in error.

After a ward comes of age, he is bound by the acts of his guardian done during his minority. Some of those acts may be voidable, but if the ward, after attaining majority, confirms those acts, he is bound by them and they are then his acts, the same as if originally done by him.

The railroad company cannot dispute the validity of the act of Schaeffer as guardian of Harrison Mengel, for two reasons: First, they recognized the act by taking a conveyance from Harrison Mengel; second, they assented to the ratification of the act done by Schaeffer as guardian of Harrison Mengel in accepting the real estate.

After the majority of Harrison Mengel, suit could not be brought against his guardian. All the authority and responsibility of a guardian ceases on the majority of his ward, except as to the settlement of his account with his ward. With the personal responsibility of the guardian to his wards, the *terre tenant* has nothing to do.

, MARCH 13TH, 1882.—PER CURIAM: Without inquiring into the question of the personal responsibility of the guardian, it is abundantly clear that the ward, having accepted the land after he came of full age, took it subject to the lien of the recognizance given to secure the respective shares of the minors.

It was not necessary to make Schaeffer a party in this proceeding to charge the alienee of the ward. If the guar-

dian had discharged the lien, it was competent for the *terre tenant* to plead and prove that fact.

Judgment affirmed.

JANUARY TERM, 1881, No. 198.          MARCH 1ST, 1882.